No. 26,480.

E. H. Howard, *Appellee,* v. E. W. Reiter, *Appellant.*

OPINION DENYING A REHEARING.

Appeal from Mitchell district court; WILLIAM R. MITCHELL, judge. Opinion denying a rehearing filed March 16, 1926. (For original opinion of affirmance see *ante,* p. 303, 243 Pac. 278.)

C. A. Walsh, Jr., of Beloit, A. E. Crane, of Topeka, and W. T. Roche, of Clay Center, for the appellant.

R. W. Turner, D. F. Stanley and R. B. Turner, all of Mankato, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: In considering matters urged by defendant in a motion for a rehearing we note a correction which should be made.

Defendant's collateral agreement with the oil company to whom he executed the trade acceptance provided that he was to be permitted to purchase $500 worth of goods for $250, not $250 worth of goods at half price as stated in our original opinion. Defendant insists that the trade acceptance and the collateral agreement should be considered together as complementary parts of the same contract. Not so as to third parties, however. By the very fact that two separate instruments were executed, one of which was negotiable in form, the defendant must be held to have agreed at the time these instruments were separately executed that they might part company, and that the one endowed to travel "as a courier without luggage" should enter the channels of commerce as a negotiable instrument. The other instrument was peculiarly personal in its nature—granting defendant the privilege of buying $500 worth of goods at half price, with the further assurance that if the oil filling station was not completed the $250 paid by defendant should be returned by the oil company. The clause read:

"It is agreed that if, for any reason, you do not build the said station, the sum that I have paid you shall be returned to me."

This stipulation was not a defense to plaintiff's action on the trade acceptance, nor was it susceptible of an interpretation that the trade acceptance itself should be returned to the defendant. It was

Bills and Notes, 8 C. J. p. 742 n. 13.

the money itself—$250—which was to be returned. And so, to get that promise redeemed, defendant must be remanded to the promisor with whom that collateral contract for the return of the money was made.

The very fact that a commercial instrument is couched in the language of a trade acceptance implies that the original parties thereto had some collateral, contemporaneous agreement giving rise to its execution and delivery. But if such collateral agreement, having no inherent element of fraud in its composition, were permitted to affect the validity of a trade acceptance in the hands of a third party, its character as a negotiable instrument would be destroyed—a consequence not merely affecting this case, but probably affecting all such instruments.

Defendant's brief in support of his motion has been carefully read. It suggests no probability that a rehearing would lead to another conclusion than that already announced, nor does it indicate any controlling point which we failed to consider. If granted it would merely put the litigants to additional expense and serve no useful purpose, and it is therefore denied.